Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E : youssef@pricelawgroup.com
E : tegan@pricelawgroup.com
*Attorneys for Plaintiff*
*Raphael Austria*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL AUSTRIA,<br><br>    Plaintiff,<br><br>  v.<br><br>CREDIT ONE BANK, N.A.,<br><br>    Defendant. | Case No.: 8:20-cv-00098<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1.    Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2.    CAL. CIV. CODE § 1788 *et seq.*; and<br>3.    Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Raphael Austria ("Plaintiff"), by and through his attorneys, alleges the following against Defendant Credit One Bank, N.A. ("Credit One" or "Defendant"):

## **INTRODUCTION**

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy -Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## **JURISDICTION AND VENUE**

4.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. 1331.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6.      Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

7.      Plaintiff is a natural person residing in California.

8.      Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

9.      Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. § 1788.2(f).

10.      Defendant is a financial services company engaged in the business of giving credit cards, personal loans and offering other financial services. Defendant can be served at its principal place of business located 6801 South Cimarron Road, Las Vegas, NV 89113.

11.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.      Defendant is attempting to collect an alleged debt from Plaintiff.

13.     In or around January 2019, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his cellular phone number ending in 1359.

14.     The calls placed by Defendant originated from over one hundred and fifty (150) different numbers.

15.     On or about January 15, 2019, at 9:06 a.m., Plaintiff received a call on his cell phone from (805) 834-2968; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

16.     During this conversation, Plaintiff spoke with a representative who indicated that Defendant was attempting to collect a debt.

7.      Plaintiff apologized because he could not make a payment, stated that he had no money due to lost hours at work and that he wasn't making enough to survive.

17.     Further, Plaintiff requested to be contacted in writing only.

18.     Despite explaining his financial hardship and requested to be contacted in writing only, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cell phone.

19.     Again, on or about March 16, 2019, at 1:37 p.m., Plaintiff received a call on his cell phone from (616) 333-8290; Plaintiff heard a short pause before one

of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

20.   During this conversation, Plaintiff spoke to a representative who indicated that Defendant was attempting to collect a debt. Defendant attempted to collect a debt from Plaintiff.

21.   Plaintiff inquired as to why he was still receiving calls and stated that he already told Credit One to contact him in writing only.

22.   Despite Plaintiff's second request to be contracted in writing, Defendant continued to bombard Plaintiff's cell phone with automated debt collection calls.

23.   On or about May 11, 2019, at 9:04 a.m., Plaintiff received a call on his cell phone from (515) 639-9835. Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

24.   During this conversation, Plaintiff spoke to a representative who indicated that Defendant was attempting to collect a debt. Defendant attempted to collect a debt from Plaintiff.

25.   Plaintiff inquired as to why he was still receiving calls and stated that he already told Credit One to contact him in writing only.

26.     Despite Plaintiff's third request, Defendant continued to place automated debt collection calls to Plaintiff on his cell phone.

27.     Between January 15, 2019 and August 15, 2019, Defendant called Plaintiff on his cellular phone approximately five-hundred and fifty (550) times after Plaintiff requested to be contacted in writing only on several occasions.

28.     Defendant called Plaintiff multiple times in a single day, almost every time it called Plaintiff.

    a.  Defendant even called Plaintiff up to nine (9) times in a single day.

29.     Defendant's conduct was done willfully and knowingly.

30.     Defendant was aware that Plaintiff had requested to be contacted in writing only on several occasions, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone.

31.     Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

32.     The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

33.     Further, the conduct was done with such frequency so as to harass Plaintiff.

34.     Plaintiff's employer has been cutting overtime hours which has put a financial strain on Plaintiff.

35.     The decrease in available overtime hours coupled with the high cost of living in California has caused Plaintiff to suffer from severe financial hardship.

36.     In or around 2018, Plaintiff was in an automobile accident that caused damage to his vehicle.

37.     Plaintiff is still trying to recover from financial hardship caused by the amount spent to fix the vehicle.

38.     Plaintiff is under an immense amount of stress and Defendant's calls have only exacerbated his stress.

39.     Plaintiff attempted to explain his financial hardship to Defendant in an attempt to get the calls to stop, however, Defendant continued to lay siege on Plaintiff's cell phone with automated debt collection calls.

40.     Defendant acted maliciously and subjected Plaintiff to oppression.

41.     Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights and fear.

## **COUNT I**

### **(Violations of the TCPA, 47 U.S.C. § 227)**

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

44.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled

to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violations of CAL. CIV. CODE § 1788 *et seq.*)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    c. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    d. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(b) by disclosing Plaintiff's debt to a third party.

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural

consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

iii.   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

iv.   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

47.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48.   Defendant was aware of Plaintiff's financial situation, that he had no money, that he was barely making enough to survive and that he requested all communications be in writing only, and yet, Defendant continued to call Plaintiff in an attempt to harass him to pay the debt.

49.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

//

//

//

## COUNT III

### (Intrusion Upon Seclusion)

50.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

52.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    e.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for Defendant to contact Plaintiff in writing only.

    f.  The number and frequency of the telephone calls to Plaintiff by Defendant after several requests to be contacted in writing only constitute an intrusion on Plaintiff's privacy and solitude.

g.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and daily schedule.

h.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Raphael Austria, respectfully requests judgment be entered against Defendant Credit One Bank, N.A. for the following:

A.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B.  Declaratory judgment that Defendant violated the RFDCPA;

C.  Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

D.  Actual damages pursuant to Cal. Civ. Code §1788.30(a);

E.  Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F.  Punitive damages to be determined at trial, for the sake of example
and punishing Defendant for their malicious conduct, pursuant to
Cal. Civ. Code § 3294(a).

G.  Awarding Plaintiff any pre-judgment and post-judgment interest as
may be allowed under the law; and

H.  Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 17th day of January 2020.

**PRICE LAW GROUP, APC**

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Raphael Austria*